**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SABETTI CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.: 1:23-cv-00472-JJM-LDA |
| ) | |
| SINGLEPOINT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DECLARATION OF WIL RALSTON, CHIEF EXECUTIVE OFFICER,**
**IN SUPPORT OF DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND**
**FOR A TEMPORARY RESTRAINING ORDER**

I, Wil Ralston, of full age, hereby declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1. I am the Chief Executive Officer of Defendant SinglePoint, Inc. ("SinglePoint"), and I am authorized to execute this declaration.

2. I respectfully submit this Declaration in Support of Defendant's Motion to Vacate Default Judgment and for Temporary Restraining Order.

3. The exhibits attached to this declaration are true and correct copies of SinglePoint's documents maintained in the ordinary course of business, or are otherwise authentic to my knowledge, with which I am familiar and have reviewed.

4. SinglePoint is a publicly traded company (CBOE : SING) incorporated in Nevada and headquartered in Arizona, with its focus on sustainability and improvement in both business operations and offerings with subsidiaries that are the future of renewable energy, air purification and building safety.

5.      The Company curates a portfolio of renewable energy-focused companies in solar, electric vehicle charging, and energy storage by acquiring established, market-leading companies that have significant potential to grow and scale.

6.      SinglePoint is committed to a future of affordable, clean, and renewable energy.

**Letter of Intent with Newport Solar**

7.      On January 9, 2023, SinglePoint entered into a non-binding Letter of Intent (the "LOI") with Newport Solar to express its interest in acquiring Newport Solar (the "Transaction"). Under the LOI, the "obligation of the parties hereto to consummate the Transaction are subject to the negotiation and execution of the Definitive Purchase Agreement." (*See* the LOI, attached as **Exhibit A**.)

8.      Importantly, the LOI was "intended solely as a basis for further discussion and [was] not intended to be and does not constitute a legally binding agreement."

9.      The LOI contemplated a purchase price of $3,000,000 for 100% of Newport Solar's stock, with the Newport Solar executive team of Doug Sabetti, (Founder and CEO of Newport Solar) ("Sabetti"), Sue McNally, and Forrest Gibson each to receive consulting roles, and Newport Solar senior employee Mark Cordeiro ("Cordeiro") and other senior employees to receive employment roles—only if the purchase were to be completed.

10.     Negotiations and mutual due diligence continued into June 2023 and SinglePoint and Newport Solar executed two amendments to the LOI on May 10, 2023 (extending the closing date to June 12, 2023) and June 22, 2023 (the "Second LOI Amendment") (extending the closing date to July 14, 2023). (*See* the Amendments to LOI, attached as **Exhibits B and C**.)

11.     The LOI and its Amendments together provided for an exclusive negotiating period and, with enumerated, non-binding exceptions—(i) an exclusivity provision, (ii) SinglePoint's

issuance of $100,000 of stock to Newport Solar (which SinglePoint did in fact issue), and (iii) SinglePoint's payment of a $100,000 "Break Up Fee" if the Transaction did not close. (Ex. C.)

12.    The parties also entered into non-binding discussions to consummate a definitive asset purchase agreement that the parties never executed.

13.    In part because of a downturn in market conditions, SinglePoint was unable to obtain the financing necessary to close even with its diligent efforts to obtain financing on workable commercial terms.

**The Cordeiro Agreement**

14.    SinglePoint's inability to close was also due to Newport Solar's unwillingness to ensure commercially reasonable terms with respect to one of the material aspects of the contemplated Transaction.

15.    A condition of SinglePoint's obligation to close was LOI Section 7.02, "enter[ing] into an acceptable contract of employment with Mark Cordeiro." (*See* Ex. A.)

16.    On June 6, 2023, Brett Joshpe, counsel for SinglePoint, sent a draft of the Cordeiro Employment Agreement (the "Draft Cordeiro Agreement") to Eric Sigman ("Sigman"), counsel for Newport Solar. (*See* the Draft Cordeiro Agreement, attached as **Exhibit D**.)

17.    Inexplicably, over a month later, and two days before the targeted closing date in the Second LOI Amendment, Sigman sent back material changes to the draft Employment Agreement (the "Materially Changed Cordeiro Agreement"). Mr. Cordeiro's attorney purportedly requested the material changes in the eleventh hour. (*See* the Materially Changed Cordeiro Agreement, attached as **Exhibit E**.)

18.    Newport Solar's inexplicable inattention to the Cordeiro matter caused a commercially unreasonable delay to the closing and ultimately made the closing impossible.

**The Collapse of Negotiations**

19.    In early August 2023, the parties ceased negotiations and, from SinglePoint's understanding, without anticipated litigation.

20.    Newport Solar was unwilling to accept that the Transaction failed because of its own failure to compromise on the Draft Cordeiro Agreement.

21.    On August 25, through its then-counsel Ruberto, Israel & Weiner (RIW), sent an inflammatory demand letter to SinglePoint. (*See* Newport Solar Demand Letter, attached as **Exhibit F**.)

22.    Even though Newport Solar knew SinglePoint was represented by counsel, it bypassed and excluded SinglePoint's counsel and sent the letter directly to SinglePoint.

23.    SinglePoint's counsel responded to the demand the next day and the parties did not engage in any further communications about the Transaction. (*See* Joshpe Response Letter, attached as **Exhibit G**.)

24.    Instead of engaging in further settlement talks to salvage the Transaction, Newport Solar chose litigation.

25.    Although the negotiation failed, SinglePoint still delivered the required shares under the LOI. (*See* Proof of Delivery of Shares, attached as **Exhibit H**.)

**Newport Solar Sues SinglePoint**

26.    On November 10, 2023, completely unbeknownst to SinglePoint and SinglePoint's counsel until June 2024, Newport Solar sued SinglePoint, Inc., for the alleged breach of the LOI.

27.    SinglePoint never received service of the complaint nor other commencement documents.

28.    SinglePoint learned about the lawsuit when I was attempting to issue May 2024 payroll. At that time, I discovered that SinglePoint's Bank of America ("BOA") operating accounts

were drained.

29.     On May 31, 2024, I discovered two separate withdrawals: one for $105,261.91 and another for $108,064.42 from SinglePoint's operating accounts. (*See* Screenshot of SinglePoint's Account, attached as **Exhibit H**.)

30.     On June 3, 2024, I e-mailed BOA to inquire about the withdrawals, received a writ of execution/attachment that BOA received from Newport Solar, and contacted the law firm issued on the writ. I also called Brett Powell, the BOA specialist assigned to SinglePoint. Powell told me that BOA withdrew the funds pursuant to the default judgment and writ of execution.

31.     On June 4, 2024, I researched the lawsuit from the writ on PACER and discovered that Newport Solar sued SinglePoint, Inc., in November of 2023.

32.     Again, SinglePoint never received service of process or forwarded documents from its registered agent, CT Corporation ("CT").

33.     Also on June 4, 2024, I confirmed with CT that its address was 3104 E Camelback Rd #2137, Phoenix, AZ 85016.

34.     On June 6, 2024, SinglePoint through counsel contacted BOA and informed the bank that SinglePoint was unaware of the lawsuit, that Newport Solar's judgment lacked merit, and that SinglePoint immediately took steps to challenge the default judgment. (*See* E-mail Correspondence from W. Ralston to B. Powell, attached as **Exhibit J**.)

35.     On June 10, after a thorough internal discussion and search for suitable counsel, SinglePoint contacted undersigned counsel Edward Andrew Paltzik of Bochner PLLC about representation in this action. The next day, June 11, SinglePoint promptly retained Bochner PLLC. On June 13, SinglePoint retained McIntyre Tate LLP to serve as co-counsel in this action. The next day, June 14, Stephen M. Prignano of McIntyre Tate LLP appeared in this action for SinglePoint and promptly filed motions to appear pro hac vice on behalf of Edward Andrew Paltzik

and Geneva Hernandez. On June 18, the Court granted those motions to appear pro hac vice.

**SinglePoint's Registered Agent Mistakenly Sent the Case Documents to the Incorrect Address**

36.     On November 30, 2023, CT was the registered agent for SinglePoint, Inc, and received Newport Solar's Complaint and other commencement documents on or around that date.

37.     With assistance of counsel, SinglePoint learned that CT erred and sent the relevant case documents to the incorrect address.

38.     To the best of my recollection, SinglePoint's address on file with CT was 3104 E Camelback Rd #2137, Phoenix, AZ 85016 (the "Correct SinglePoint Address").

39.     However, SinglePoint learned on June 17, 2024 that CT mistakenly sent the Documents to SinglePoint's former address, 2999 N 44th, Ste 530, Phoenix, AZ 85018 (the "Incorrect Address")—even though CT's system reflected the Correct SinglePoint Address.

40.     CT mailed the Documents to the outdated, Incorrect Address. CT did not send the Documents to the Correct SinglePoint address.

41.     On June 20, SinglePoint through counsel sent letters to BOA, requesting that the bank hold the funds until the resolution of SinglePoint's Motion to Vacate the Default Judgment. (*See* Letters to BOA, attached as **Exhibit K**.)

42.     SinglePoint, therefore, never received service of process of the complaint and other commencement documents.

43.     Disbursement of the funds held by BOA would be devasting to SinglePoint.

DECLARANT FURTHER SAYETH NOT.

Under penlaty of perjury, I declare that I have read the foregoing and the facts stated in it are true to the best of my knowledge, information and belief.

Executed on:   June 28, 2024
                    Phoenix, AZ

Wil Ralston
*On behalf of SinglePoint,*
*Inc.*