# EXHIBIT K

**BOCHNER PLLC**

Edward Andrew Paltzik, Esq.
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 516.526.0341  e edward@bochner.law  w bochner.law

June 20, 2024
*Via USPS Overnight Priority Mail*

Albert Alvarez
Trustee
Bank of America, N.A.
P.O. Box 15047
Wilmington, DE 19850

      Re:    *Sabetti Construction Inc. d/b/a Newport Solar v. SinglePoint Inc.,* Case 1:23-cv-00472-JJM-LD – Default Judgment

Dear Mr. Alvarez:

     I, along with Stephen Prignano, represent SinglePoint, Inc., in the above-captioned matter. As you know, Sabetti Construction, d/b/a Newport Solar ("Newport Solar"), filed suit against SinglePoint, Inc. ("SinglePoint"), on November 10, 2023. SinglePoint did not appear in the case because Newport Solar failed to properly serve SinglePoint with legal process, or, in the alternative, due to error by SinglePoint's registered agent. Either way, SinglePoint did not receive notice of the suit in a timely manner, through no fault of its own. In an underhanded attempt to avoid litigation on the merits, Newport Solar moved for default judgment, and, on February 8, 2024, the District Court of Rhode Island entered a default judgment against SinglePoint. Unaware of the lawsuit until May of 2024, SinglePoint learned of the default judgment when Bank of America withdrew over $200,000.00 from its operating account. The writ of execution violates Rule 69, Federal Rule of Civil Procedure, and the District Court of Rhode Island's Local Rule 69. The writ is therefore invalid.

     Under Rule 69, Federal Rule of Civil Procedure, "A money judgment is enforced by a writ of execution, unless the court directs otherwise." Further, "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Under Local Rule 69(b) of the District Court of Rhode Island, a writ of execution "shall be accompanied by an affidavit that states: (1) the amount due on the judgment and an explanation of how that amount has been calculated; (2) that a demand for payment has been made and refused; and (3) what efforts have been made to recover the judgment." Newport Solar applied for a writ of execution on May 7, 2024. Newport Solar's application failed to include the affidavit required by the District Court of Rhode Island. The writ violates Local Rule 69(b) and Bank of America must restore SinglePoint's funds.

     Moreover, SinglePoint, now aware of the lawsuit, has taken immediate steps to vigorously challenge the default judgment, including continued attempts to speak with Newport Solar's litigation counsel (who has ignored these communications) about vacating the default, retaining Mr. Prignano, and retaining our firm. Mr. Prignano and I have formally appeared in the lawsuit.

1



Edward Andrew Paltzik, Esq.
BOCHNER PLLC

1040 Avenue of the Americas, 15TH Floor, New York, NY 10018

o 516.526.0341  e edward@bochner.law  w bochner.law

    Despite the contemplated business relationship, ongoing negotiations, and open channels of communication between Newport Solar and SinglePoint, Newport Solar discreetly pursued its lawsuit while failing to notify SinglePoint of the suit, and then sought default judgment against SinglePoint. In none of the dealings between the parties did Newport Solar notify SinglePoint about the lawsuit, question its non-appearance, or warn SinglePoint about the default judgment. Quite simply, the lawsuit was a sneak attack.

    Very shortly, SinglePoint will file a motion to vacate the default judgment, which we believe to be a highly meritorious motion. SinglePoint has both a valid excuse for the default and a likelihood of a successful defense to the lawsuit in the event the default is vacated. Indeed, we are adamant that Newport Solar's case against SinglePoint is weak on the merits.

    From your June 3, 2024 letter to the Court, I understand that Bank of America withdrew $214,326.33 from SinglePoint's operating account and holds the funds in accord with the May 23, 2024 writ of execution/attachment. Newport Solar's violation of Local Rule 69 alone provides a basis for invalidating the writ. Additionally, given the course of dealings between the parties, the open lines of communication between the parties, and Newport Solar's failure to ensure proper service of the lawsuit, SinglePoint anticipates successfully vacating the default judgment. Accordingly, SinglePoint demands that Bank of America return the funds to SinglePoint or, at minimum, continue to hold the funds until the Court resolves SinglePoint's challenge to the default judgment and the writ. However, under no circumstances should Bank of America disburse any money to Newport Solar. In the event that Bank of America disregards our demand after being put on notice via this letter, SinglePoint reserves all rights and remedies against Bank of America. Additionally, we will be contacting you via phone today.

    I would appreciate it if you would contact me immediately upon your receipt of this letter at (516) 526-0341 to discuss this urgent matter.

    Sincerely,

/s/ Edward Andrew Paltzik
Edward Andrew Paltzik, Esq.
Bochner PLLC
1040 Avenue of the Americas,
15th Floor
New York, New York 10018
(516) 526-0341

Cc: sprignano@mcintyretate.com
    ghernandez@bochner.law

2

**BOCHNER PLLC**

Edward Andrew Paltzik, Esq.
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 516.526.0341  e edward@bochner.law  w bochner.law

June 20, 2024
*Via FedEx Same-Day Delivery & E-mail*

Lauren Mogensen
Global General Counsel
Bank of America Corporate Center
100 North Tryon Street
Charlotte, NC 28255

      Re:    *Sabetti Construction Inc. d/b/a Newport Solar v. SinglePoint Inc.,* Case 1:23-cv-00472-JJM-LD – Default Judgment

Dear Ms. Mogensen:

      I, along with Stephen Prignano, represent SinglePoint, Inc., in the above-captioned matter. Sabetti Construction, d/b/a Newport Solar ("Newport Solar"), filed suit against SinglePoint, Inc. ("SinglePoint"), on November 10, 2023. SinglePoint did not appear in the case because Newport Solar failed to properly serve SinglePoint with legal process, or, in the alternative, due to error by SinglePoint's registered agent. Either way, SinglePoint did not receive notice of the suit in a timely manner, through no fault of its own. In an underhanded attempt to avoid litigation on the merits, Newport Solar moved for default judgment, and, on February 8, 2024, the District Court of Rhode Island entered a default judgment against SinglePoint. Newport Solar applied for a writ of execution and the Court issued the writ on May 23, 2024. Bank of America received writ and responded via its trustee, Albert Alvarez, on May 31, 2024 and again on June 3, 2024 (see response letters attached as **Exhibit A**.) Unaware of the lawsuit until May of 2024, SinglePoint learned of the default judgment when Bank of America withdrew over $200,000.00 from its operating account.

      The writ of execution violates Rule 69, Federal Rule of Civil Procedure, and the District Court of Rhode Island's Local Rule 69. The writ is therefore invalid. Under Rule 69, Federal Rule of Civil Procedure, "A money judgment is enforced by a writ of execution, unless the court directs otherwise." Further, "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Under Local Rule 69(b) of the District Court of Rhode Island, a writ of execution "shall be accompanied by an affidavit that states: (1) the amount due on the judgment and an explanation of how that amount has been calculated; (2) that a demand for payment has been made and refused; and (3) what efforts have been made to recover the judgment." Newport Solar applied for a writ of execution on May 7, 2024. Newport Solar's application failed to include the affidavit required by the District Court of Rhode Island. The writ violates Local Rule 69(b) and Bank of America must restore SinglePoint's funds.

      Moreover, SinglePoint, now aware of the lawsuit, has taken immediate steps to vigorously challenge the default judgment, including continued attempts to speak with

1



Edward Andrew Paltzik, Esq.
**BOCHNER PLLC**

1040 Avenue of the Americas, 15TH Floor, New York, NY 10018

o 516.526.0341  e edward@bochner.law  w bochner.law

Newport Solar's litigation counsel (who has ignored these communications) about vacating the default, retaining Mr. Prignano, and retaining our firm. Mr. Prignano and I have formally appeared in the lawsuit.

Despite the contemplated business relationship, ongoing negotiations, and open channels of communication between Newport Solar and SinglePoint, Newport Solar discreetly pursued its lawsuit while failing to notify SinglePoint of the suit, and then sought default judgment against SinglePoint. In none of the dealings between the parties did Newport Solar notify SinglePoint about the lawsuit, question its non-appearance, or warn SinglePoint about the default judgment. Quite simply, the lawsuit was a sneak attack.

Very shortly, SinglePoint will file a motion to vacate the default judgment, which we believe to be a highly meritorious motion. SinglePoint has both a valid excuse for the default and a likelihood of a successful defense to the lawsuit in the event the default is vacated. Indeed, we are adamant that Newport Solar's case against SinglePoint is weak on the merits.

From Bank of America's June 3, 2024 letter to the Court, I understand that Bank of America withdrew $214,326.33 from SinglePoint's operating account and holds the funds in accord with the May 23, 2024 writ of execution/attachment. Newport Solar's violation of Local Rule 69 alone provides a basis for invalidating the writ. Additionally, given the course of dealings between the parties, the open lines of communication between the parties, and Newport Solar's failure to ensure proper service of the lawsuit, SinglePoint anticipates successfully vacating the default judgment. Accordingly, SinglePoint demands that Bank of America return the funds to SinglePoint or, at minimum, continue to hold the funds until the Court resolves SinglePoint's challenge to the default judgment and the writ. However, under no circumstances should Bank of America disburse any money to Newport Solar. In the event that Bank of America disregards our demand after being put on notice via this letter, SinglePoint reserves all rights and remedies against Bank of America.

I would appreciate it if you would contact me immediately upon your receipt of this letter at (516) 526-0341 to discuss this urgent matter.

          Sincerely,
          /s/ Edward Andrew Paltzik
          Edward Andrew Paltzik, Esq.
          Bochner PLLC
          1040 Avenue of the Americas,
          15th Floor
          New York, New York 10018
          (516) 526-0341

Cc: sprignano@mcintyretate.com
    ghernandez@bochner.law

# Exhibit A

197483922



May 31, 2024

United States District Court for the District of RHODE ISLAND
2 Exchange Terrace
PROVIDENCE, RI 02903

Regarding reference number: P053124000114
Case name: SABETTI CONSTRUCTION, INC. VS. SINGLEPOINT INC.
Case number: 23-CV-00472-JJM-LDA
Customer name: SINGLEPOINT INC.

**Enclosed is the RI WRIT OF ATTACHMENT/EXECUTION with respect to the above mentioned action. Please file on our behalf.**

## Questions?

If you have any questions, please call us at 213-580-0702. We're available Monday through Friday 9 a.m. to 5 p.m. local time. When contacting us regarding this notice, please use the reference number listed above.

Legal Order Processing

CC: Ruberto, Israel & Weiner, P.C

**RECEIVED**

JUN 0 4 2024

U.S. DISTRICT COURT
DISTRICT OF R.I.

Form 00-65-5350NSBW - C3_18549 - 052019



197483922

May 31, 2024

Ruberto, Israel & Weiner,P.C
255 State St
BOSTON, MA 02109

Regarding reference number: P053124000114
Case name: SABETTI CONSTRUCTION, INC. VS. SINGLEPOINT INC.
Case number: 23-CV-00472-JJM-LDA
Customer name: SINGLEPOINT INC.

## Enclosed is a copy of the RI WRIT OF ATTACHMENT/EXECUTION with respect to the above mentioned action. The original has been filed with the court.

## Questions?
If you have any questions, please call us at 213-580-0702. We're available Monday through Friday 9 a.m. to 5 p.m. local time. When contacting us regarding this notice, please use the reference number listed above.

Legal Order Processing

Form 00-65-7452NSBW – C3_18545 – 052019

197483922

State of Rhode Island
United States District Court for the District of RHODE ISLAND
PROVIDENCE,ss
Civil Action: 23-CV-00472-JJM-LDA

SABETTI CONSTRUCTION, INC.
Plaintiff(s)

Answer of Trustee
Bank of America, N.A.

Versus

SINGLEPOINT INC.
Defendant(s)

and

Bank of America, N.A.

And now on behalf of Bank of America, N.A., a National Banking Association summoned as trustee/garnishee of the defendant(s) in the above-entitled action, appears ALBERT ALVAREZ, authorized official, who makes an answer that at the time of service, 05/29/2024, of the plaintiff's writ upon it, Bank of America is holding $213,326.33 in the name of SINGLEPOINT INC.

| Account title: | Account number ending in: | Amount attached: |
|---|---|---|
| SINGLEPOINT INC. | LAST 4 OF ACCT #5195 AND #5205 | ATTACHMENT AMOUNT $108,064.42 AND $105,261.91 |

Signed under penalty of perjury

Bank of America, N.A., Trustee
By: _____  Date: 5-31-2024
ALBERT ALVAREZ
DE5-024-02-08
P.O. Box 15047
Wilmington, DE 19850

State of ARIZONA
City/County of MARICOPA

Sworn to before me and signed in my presence this ____ day of MAY 3 1 2024 , 20__
_____
Notary Public

PORCHEA DAVIS
NOTARY PUBLIC - ARIZONA
Maricopa County
Commission # 648722
My Commission Expires
May 13, 2027

Form 00-65-7958NSBW – C3_18646 – 120219

197483922



***AMENDED***

June 3, 2024

United States District Court for the District of Rhode Island
2 Exchange Terrace
PROVIDENCE, RI 02903

Regarding reference number: P053124000114
Case name: SABETTI CONSTRUCTION, INC. VS. SINGLEPOINT INC.
Case number: 23-CV-00472-JJM-LDA
Customer name: SINGLEPOINT INC.

Enclosed is the RI WRIT OF ATTACHMENT/EXECUTION with respect to the above mentioned action. Please file on our behalf.

## Questions?

If you have any questions, please call us at 213-580-0702. We're available Monday through Friday 9 a.m. to 5 p.m. local time. When contacting us regarding this notice, please use the reference number listed above.

Legal Order Processing

CC: Ruberto, Israel & Weiner, P.C

RECEIVED
JUN 05 2024
U.S. DISTRICT COURT
DISTRICT OF R.I.

Form 00-65-5350NSBW - C3_18549 - 052019

197483922



\*\*\*AMENDED\*\*\*

June 3, 2024

Ruberto, Israel & Weiner, P.C
255 State St
BOSTON, MA 02109

Regarding reference number: P053124000114
Case name: SABETTI CONSTRUCTION, INC. VS. SINGLEPOINT INC.
Case number: 23-CV-00472-JJM-LDA
Customer name: SINGLEPOINT INC

Enclosed is a copy of the RI WRIT OF ATTACHMENT/EXECUTION with respect to the above mentioned action. The original has been filed with the court.

## Questions?

If you have any questions, please call us at 213-580-0702. We're available Monday through Friday 9 a.m. to 5 p.m. local time. When contacting us regarding this notice, please use the reference number listed above.

Legal Order Processing



RECEIVED
JUN 0 5 2024
U.S. DISTRICT COURT
DISTRICT OF R.I.

Form 00-65-7452NSBW – C3_18545 – 052019

***AMENDED***

State of Rhode Island
United States District Court for the District of Rhode Island
PROVIDENCE, ss
Civil Action: 23-CV-00472-JJM-LDA

197483922

SABETTI CONSTRUCTION, INC.
Plaintiff(s)

Answer of Trustee
Bank of America, N.A.

Versus

SINGLEPOINT INC
Defendant(s)

and

Bank of America, N.A.

RECEIVED
JUN 0 5 2024
U.S. DISTRICT COURT
DISTRICT OF R.I.

And now on behalf of Bank of America, N.A., a National Banking Association summoned as trustee/garnishee of the defendant(s) in the above-entitled action, appears ALBERT ALVAREZ, authorized official, who makes an answer that at the time of service, 5/29/2024, of the plaintiff's writ upon it, Bank of America is holding $214,326.33 in the name of SINGLEPOINT INC.

Account title:
SINGLEPOINT INC.

Account number ending in:
LAST 4 OF ACCT #5195 AND #5205

Amount attached:
$108,314.42 &
$105,511.91

<<Signed under penalty of perjury>>

Bank of America, N.A., Trustee
By: _____  Date: 6-3-24
ALBERT ALVAREZ
DE5-024-02-08
P.O. Box 15047
Wilmington, DE 19850

State of ARIZONA
City/County of MARICOPA

JUN - 3 2024

Sworn to before me <<and signed in my presence this ____ day of _____, 20__

ORCHID KING
NOTARY PUBLIC - ARIZONA
Maricopa County
Commission # 666262
My Commission Expires
May 11, 2028

Form 00-65-7958NSBW – C3_18646 – 120219