**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SABETTI CONSTRUCTION, INC.,
d/b/a NEWPORT SOLAR,
Plaintiff,

v.

SINGLEPOINT, INC.,
Defendant.

C.A. No. 23-cv-472-JJM-LDA

**ORDER**

Before this Court is Defendant SinglePoint, Inc.'s Motion to Vacate Default Judgment (ECF No. 19) entered for Plaintiff Sabetti Construction, Inc., d/b/a/ Newport Solar ("Newport Solar"). Newport Solar properly obtained a default judgment (ECF No. 10) after Defendant did not appear under Fed. R. Civ. P. 55(b). This Court then issued a writ of execution for monies owed. ECF No. 12. After Newport Solar had money taken from SinglePoint's bank account, SinglePoint filed this Motion to Vacate the Default Judgment. After reviewing all the facts and the applicable law, the Court has determined it is right to GRANT the Motion and to allow this dispute to be decided on the substance of the Complaint.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that on "just terms" a court "may relieve a party ... from a final judgment" for several reasons, such as "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Fed. R. Civ. P. 60(c), a party making a motion under Rule 60(b)(1) must file "within a

reasonable time ... no more than a year after the entry of the judgment or order . . ." *Id.* Although relief under Fed. R. Civ. P. 60(b) is "extraordinary" and "should be granted only under exceptional circumstances," *Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001), courts generally "[p]refer to resolve disputes on the merits." *Key Bank of Maine v. Tablecloth Textile Co.*, 74 F.3d 349, 356 (1st Cir. 1996). Excusable neglect is a broad category that includes "inadvertence, mistake, or carelessness, as well as [] intervening circumstances beyond the party's control." *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 38 (1st Cir. 2013) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). As part of the equitable analysis for excusable neglect courts consider "the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins.*, 750 F.3d 1, 4 (1st Cir. 2014). In making such a determination of excusable neglect, courts should consider "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co.*, 507 U.S. at 395. While the court must weigh all factors in the totality of the circumstances, "by far the most critical" is the reason for the delay. *Id.*; United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) ("We have said that, while other factors play an important role in the 'excusable neglect' analysis, 'the reason-for-delay factor will always be critical to the inquiry....'" *Hosp.*

*del Maestro v. Nat'l Lab. Relations Bd.*, 263 F.3d 173, 175 (1st Cir.2001) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir.2000))).

## II. DISCUSSION

For the sake of efficiency, this Court need only address the most salient issue in this dispute: whether SinglePoint's reason for delay—its failure to notify its registered agent of its change of address—is justification to satisfy excusable neglect.

The relevant facts, in an affidavit from SinglePoint's Chief Executive Officer Wil Ralston, reveal that CT Corporation was the registered agent for SinglePoint. ECF No. 19-2. CT Corporation received the Summons and Complaint. Because CT Corporation had an incorrect address for SinglePoint in its records,[1] it sent the Summons and Complaint to SinglePoint at a wrong address.[2] SinglePoint never received the Summons and Complaint from CT Corporation. SinglePoint did not learn of the existence of the lawsuit until Newport Solar served its writ of execution on SinglePoint's bank and withdraw over $200,000 toward satisfaction of the default judgment. Shortly after learning of the lawsuit, SinglePoint hired counsel and filed this motion to vacate.[3] *See, generally*, ECF No. 19-2.

---

[1] CT Corporation had SinglePoint's old corporate headquarters address in its records. CT Corporation had not occupied that space since January 2023. The process server served the Summons and Complaint on CT Corporation on November 16, 2023. ECF No. 6 at 2.

[2] SinglePoint states that "it is not to blame for the default—CT simply delivered process to the wrong address for SinglePoint, even though SinglePoint had provided the correct address to CT." ECF No. 19-1 at 15-16.

[3] Consistent with the window of time prescribed by Fed. R. Civ. P. 60(c), one year, SinglePoint moved to vacate the judgment four months after the order was issued, showing reasonable diligence by SinglePoint to remedy the failure to respond to Newport Solar's Complaint.

The record reflects that there was neglect by CT Corporation in not verifying the address before forwarding the Summons and Complaint. There was neglect by SinglePoint in not ensuring that its registered agent had its correct address. However, the neglect was excusable because at best it was clerical errors that caused the delay in notice of the lawsuit to SinglePoint. The Court also notes that there is no evidence of prejudice to Newport Solar from the delay—all their claims are preserved and not lost, SinglePoint acted swiftly and decisively after receiving notice of the lawsuit, and there is no evidence that any party, or its agents, acted in bad faith. Finally, a review of the parties' papers supports a finding that SinglePoint has alleged a possible meritorious defense.

Balancing all the equities, the Court concludes that this financial dispute is best resolved on its merits and that an inconsequential mistake should not hinder that process.

Newport Solar may send to SinglePoint a bill of costs and attorney's fees incurred by them in obtaining the default judgment, obtaining and executing a writ of execution, and responding to this motion. SinglePoint shall pay such amount within 10 days or seek a protective order if disputed.

## III. CONCLUSION

For all these reasons, the Court GRANTS the Motion to Vacate the Default Judgment. ECF No. 19. SinglePoint shall respond to the Complaint within 10 days.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

August 15, 2024